Marc S. Schechter, Bar No. 116190
Paul D. Woodard, Bar No. 282470
SCHECHTER BENEFITS LAW GROUP LLP
13025 Danielson Street, Suite 260
Poway, California 92064
(858)444-2300/FAX (858)444-2345
mss@sblgllp.com
pdw@sblgllp.com

Attorneys for Plaintiff GARY AANERUD, an individual, and co-trustee of the Aanerud Trust dated March 15, 1994

Douglas A. Smith (SBN 290598)
MAYER BROWN LLP
dougsmith@mayerbrown.com
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant Administrative Committee of the Northrop Grumman Savings Plan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARY AANERUD, an individual, and co-trustee of the Aanerud Trust dated March 15, 1994. <br><br> Plaintiff, <br><br> v. <br><br> NORTHROP GRUMMAN CORPORATION, a Delaware corporation; NORTHROP GRUMMAN SAVINGS PLAN; FIDELITY WORKPLACE INVESTING, LLC, a Delaware limited liability company; SANDRA L. OVERMAN-AANERUD, an individual; THE NORTHROP GRUMMAN SAVINGS PLAN ADMINISTRATIVE COMMITTEE; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.  2:25-cv-01167-MEMF-PVCx <br><br> Judge:  Hon. Maame Ewusi-Mensah Frimpong <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: June 11, 2026 <br> Time: 10:00 a.m. <br> Dept: Courtroom 8B <br><br><br> Complaint Filed:   February 11, 2025 <br> FAC Filed:         May 27, 2025 <br><br> Trial Date:        None Set |

Plaintiff GARY AANERUD ("Plaintiff"), and Defendant THE NORTHROP GRUMMAN SAVINGS PLAN ADMINISTRATIVE COMMITTEE ("Defendant" or the "NGSP Administrative Committee"), through their respective counsel, respectfully submit the following Joint Rule 26(f) Report pursuant to the Federal Rule of Civil Procedure 26(f) and the Court's April 6, 2026, Order [Dkt. No. 41]. On May 21, 2026, counsel for Plaintiff and Defendant met and conferred, among other topics, about the nature and basis of their claims and defenses, alternative dispute resolution, electronic discovery, a proposed discovery plan, and trial.

## I. ITEMS LISTED IN COURT'S APRIL 6, 2026 ORDER:

### A. Statement of the Case:

#### Plaintiff's Statement

Decedent Paul B. Aanerud (the "Decedent") worked for nearly 40 years for Northrop Grumman Corporation ("Northrop") and contributed to a tax deferred savings account (the "401(k) Account") established under the Northrop Grumman Savings Plan (the "Plan"). On March 28, 2006, the Decedent completed a Beneficiary Designation Form designating his Trust as the primary beneficiary of the 401(k) Account. On March 27, 2006, the Decedent's second wife, Sandra Overman-Aanerud ("Sandra") executed a Spousal Consent agreeing to allow the Decedent to name his Trust as the beneficiary of his 401(k) Account. On May 11, 2012, the Decedent allegedly submitted an "electronic" beneficiary designation to Aon Hewitt which purportedly designated Sandra as the primary beneficiary of the 401k Account and designated the Trust as the contingent beneficiary of the Account. In 2015, the Decedent updated his Trust and confirmed via email to his attorney his understanding at the time that his Trust was the primary beneficiary of the 401(k) Account. On March 2, 2024, the Decedent passed away at the age of 81. After the Decedent passed away, a dispute has arisen as to who is the proper beneficiary of the 401(k) Account.

In March and April 2024, Plaintiff, acting as successor co-trustee of the Trust, submitted claims to the Plan seeking distribution of the Decedent's 401(k) Account assets to the Trust, but the claim was denied on August 13, 2024, on the ground that the Trust was not the account's primary beneficiary. During the administrative claims and appeal process, Plaintiff requested documents relating to a purported electronic beneficiary designation allegedly created on May 11, 2012, including documents concerning the manner in which the designation was created and submitted, but Defendant did not produce responsive materials. Plaintiff appealed the denial on September 18, 2024, and the appeal was denied on November 22, 2024.

### Defendant's Statement

Gary Aanerud, as co-trustee of the Aanerud Trust, asserts that the Aanerud Trust is entitled to the balance of a 401(k) account that decedent Paul Aanerud had in the Northrop Grumman Savings Plan ("NGSP"). The Trust filed a claim and appeal with the NGSP Administrative Committee for the approximately $2 million account balance, arguing that the Trust is entitled to the balance based on the decedent's purported March 2006 beneficiary designation listing the Trust as the account's primary beneficiary. The March 2006 designation was accompanied by a consent to the designation by the decedent's spouse, Sandra Overman-Aanerud. The Administrative Committee denied the Trust's claim and appeal, however, because the system of record showed a subsequent, and thus superseding, beneficiary designation from May 2012 naming Ms. Overman-Aanerud (who is still alive), as the account's primary beneficiary.

After the denial of the administrative appeal, the Trust brought this lawsuit against Defendants Northrop Grumman Corporation, Northrop Grumman Savings Plan ("NGSP"), the NGSP Administrative Committee, Fidelity Workplace Investing LLC, and Ms. Overman-Aanerud. The Trust amended its original complaint as a matter of right before any Defendant responded to the complaint.

The now-operative First Amended Complaint asserted 6 claims, alleging as follows:

Against NGC, NGSP, and NGSP Administrative Committee

(1) ERISA plan benefits, 29 U.S.C. § 1132(a)(1)(B), for the 401(k) account balance, contending that it was an abuse of discretion for the NGSP Committee to conclude that the Trust, not the decedent's spouse Ms. Overman-Aanerud, is the account's beneficiary.

Against Sandra Overman-Aanerud

(2) constructive fraud, for fraudulently submitting the 2012 beneficiary designation, which made herself the primary beneficiary and the Trust the contingent beneficiary.

(3) undue influence, for placing undue influence on the decedent Gary Aanerud, forcing him to submit the 2012 beneficiary designation making her the 401(k) account's primary beneficiary.

Against Fidelity

(4) negligence, for negligently recording in the system of record the information from the 2012 beneficiary designation, including by flip-flopping the primary and contingent beneficiary information, thereby making Ms. Overman-Aanerud, not the Trust, the primary beneficiary.

Against the NGSP Administrative Committee

(5) ERISA breach of fiduciary duty, 29 U.S.C. §§ 1104, 1132(A)(3), for violating the plan's terms by accepting the 2012 beneficiary change and by not paying the Trust the 401(k) account balance because spousal consent to the 2012 beneficiary change was required by the plan's terms but not obtained.

(6) ERISA breach of fiduciary duty, 29 U.S.C. §§ 1104, 1132(A)(3), 1133, for failing to provide a "full and fair review" of Trust's administrative claim and appeal for benefits, including because the NGSP Committee "failed to produce a copy of the purported electronic [2012] beneficiary designation" the Committee

1760246948.2 {005047 28.DOCX / 3}

4

had relied upon in denying the Trust the 401(k) account and supposedly did not consider a 2015 email from the decedent to his estate planner allegedly indicating that the decedent believed that the Trust, not the spouse, was the primary beneficiary of his 401(k) account in the NGSP.

The Trust voluntarily dismissed Fidelity as a defendant. The remaining defendants then filed motions to dismiss the FAC.

The Court ruled on the motions to dismiss as follows:

Claims Against NGC and NGSP – The Court dismissed without leave to amend both NGC and NGSP from the case, concluding that neither are proper defendants for the only claim asserted against them (*i.e.*, the claim for ERISA plan benefits, 29 U.S.C. § 1132(a)(1)(B)). The Court reasoned that neither were involved in the denial of the ERISA administrative claim or appeal for the 401(k) account balance—only the NGSP Administrative Committee was involved in the denials.

Claims Against Sandra Overman-Aanerud – The Court dismissed without leave to amend the two claims (*i.e.*, constructive fraud and undue influence) against Ms. Overman-Aanerud. Although the Court concluded that both claims were plausibly alleged factually, ERISA preempted them, with both express and conflict preemption applying.

Claims Against the NGSP Administrative Committee –

- Claim for Benefits (29 U.S.C. § 1132(a)(1)(B)): The Court dismissed with leave to amend the claim for ERISA plan benefits as it pertains to the Committee's denial of the administrative claim. It denied dismissal of this claim as it pertains to the Committee's denial of the administrative appeal—because the Court concluded that the Trust plausibly alleged that the Committee abused its discretion by not considering, or explaining its decision with respect to, the 2015 email from the decedent to his estate planning attorney.

- Claim for Breach of Fiduciary Duty For Failure To Follow the Plan's

5

Terms (29 U.S.C. §§ 1104, 1132(A)(3)): The Court dismissed this claim with leave to amend, reasoning that, per the plan terms, the 2006 designation was invalid since it impermissibly named a non-individual (*i.e.*, a church as a beneficiary), the spousal consent to the 2006 designation naming the Trust as the account's primary beneficiary did not forever waive the spouse's rights to the 401(k) account balance, the decedent was permitted to change beneficiary designations at any time, and the 2012 beneficiary designation did not require his spouse's consent because it named her as the primary beneficiary.

- Claim for Breach of Fiduciary Duty For Failing To Provide a "Full & Fair Review" During The Administrative Claim & Appeal Process (29 U.S.C. §§ 1104, 1132(A)(3), 1133):  The Court denied dismissal of this claim, reasoning that the committee's "failure to provide [the Trust] with the 2012 Designation or any documentation relating to the benefit determination can reasonably be determined to be a breach of Defendants' fiduciary duty to [the Trust]."

Although the Court granted the Trust leave to amend the dismissed claims against the NGSP Administrative Committee, the Trust elected not to do so. Accordingly, the case now presents only two narrow issues—namely the following:

- First Cause of Action - Claim for ERISA Plan Benefits (29 U.S.C. § 1132(a)(1)(B)) – Whether the NGSP Committee abused its discretion in denying the appeal for benefits (but not in denying the claim) because the Committee purportedly did not consider the 2015 email between the decedent and his estate planner.

- Sixth Cause of Action - Claim for Breach of Fiduciary Duty For Failing To Provide a "Full & Fair Review" During The Administrative Claim & Appeal Process (29 U.S.C. §§ 1104, 1132(A)(3), 1133):  Whether the Committee breached its fiduciary duty by not providing the Trust, during the administrative appeal, with the 2012 beneficiary designation that it relied upon to deny the claim for the 401(k) account balance.

**B.      Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over the first and sixth causes of action alleged in the First Amended Complaint [Dkt. No. 19] pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

**C.      Legal Issues**

**Plaintiff's Statement**

The key legal issues include: (1) whether the Plan Committee abused its discretion in denying Plaintiff's appeal and claim for benefits; (2) whether Plaintiff's claim for benefits is subject to abuse-of-discretion or de novo review; and (3) whether the Plan Committee provided Plaintiff with the full and fair review required under ERISA in connection with the denial of Plaintiff's claim for benefits.

**Defendant's Statement**

Contrary to Plaintiff's contention, the Court dismissed Plaintiff's cause of action arguing that the NGSP Committee abused its discretion in denying the administrative claim for benefits.  The Court's order only allowed the "denial of the administrative appeal" aspect of that cause of action to survive the motion to dismiss.  Thus, the denial of the "administrative claim" is no longer at issue in the case, much less a "key legal issue." What standard of review (*i.e.*, de novo v. abuse of discretion) applies to the "appeal" denial remains an issue—with the NGSP Administrative Committee contending that that the abuse of discretion standard applies.  As for the issue that Plaintiff's raise—whether the NGSP Administrative Committee breached its fiduciary duty by allegedly not providing a "full and fair" review of the administrative appeal—is narrow because it focuses solely on whether the NGSP Administrative failed to timely provide a single document (*i.e.*, an electronic beneficiary designation).

**D.      Damages**

Plaintiff seeks remand to the Plan Committee to provide a full and

fair review of Plaintiff's claim for benefits. Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g).  The NGSP Administrative Committee does not dispute that Plaintiff seeks this relief, but neither form of relief is "damages."  The NGSP Administrative Committee likewise seeks recovery of its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g), which allows for a discretionary recovery of attorneys' fees "to either party."  Furthermore, the previous defendants NGC and NGSP have won on the only claim brought against them—and therefore should be awarded recovery of their attorneys' fees and costs from Plaintiff under 29 U.S.C. § 1132(g).

### E.    Parties, Evidence, etc.

<u>List of parties:</u>

<u>Plaintiff:</u> GARY AANERUD.

<u>Defendant:</u> ADMINISTRATIVE COMMITTEE OF THE NORTHROP GRUMMAN SAVINGS PLAN.

<u>Witnesses for Plaintiff:</u> Gary Aanerud; Sandra L. Overman-Aanerud; other witnesses to be designated during discovery.

<u>Witnesses for Defendants:</u> Members of the NGSP Administrative Committee who denied the administrative appeal, or who on behalf of the Committtee responded to Defendants' document request submitted with the appeal.

<u>Key Documents:</u> (1) the system of record showing the electronic beneficiary designation for the 401(k) Account; (2) documents related to the creations of the electronic beneficiary designation created for the 401(k) account, if any since the designation was submitted online; (3) the 2015 e-mail exchange between the Decedent and his trust counsel; and (4) the administrative appeal that the Trust submitted to the NGSP Admisntrative Committee, inclusive of exhibits and any document requests associated with the appeal.

/././

### F.      Insurance

None.

### G.      Manual for Complex Litigation

The Manual for Complex Litigation should not be utilized as this matter is not deemed or designated as complex litigation.

### H.      Motions

Plaintiff does not anticipate filing a motion to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

The NGSP Administrative Committee may file a motion to remand the matter to the Committee for further review of the appeal and an accompanying stay of the case pending that further review of the appeal.

### I.      Dispositive Motions

Plaintiff submits there is a likelihood that a motion for summary judgment will be filed by Plaintiff as to his remaining claims in the event the case does not settle prior to the deadline to file a dispositive motion.

### J.      The NGSP Administrative Committee likewise believes that dispositive motions are likely, including a motion for judgment on the pleadings or summary judgment. Status of Discovery

The parties have not yet engaged in formal discovery. Plaintiff's first cause of action is expected to be limited to the administrative record before the NGSP Administrative Committee during the administrative appeal, except to the extent the Court determines that de novo review applies or otherwise permits discovery beyond the record. As to Plaintiff's sixth cause of action, Plaintiff anticipates seeking discovery outside the administrative record.   NGSP Administrative Committee contends that discovery would be unwarranted given the narrow issue—whether one document was timely provided in connection with the NGSP Administrative Committee's response to the Trust's document requests and appeal determination.

**K.     Discovery Plan**

Changes in the disclosures under Rule 26(a) are not anticipated.

**Plaintiff's Position:**

Discovery Plan as to Plaintiff's First Cause of Action:

1. Production of the complete administrative record;
2. Discovery concerning the completeness of the administrative record;
3. Discovery concerning the applicable standard of review;
4. Discovery concerning any structural conflict of interest or procedural irregularities;
5. Discovery directed to threshold issues affecting the scope of judicial review.

Discovery Plan as to Plaintiff's Sixth Cause of Action:

1. Fiduciary status and responsibilities;
2. Internal policies, procedures, and communications relevant to fiduciary conduct;
3. Discovery relating to claims handling procedures and compliance with ERISA claims regulations;
4. Equitable remedies and relief;
5. Damages and other relief sought by Plaintiff; and

**Defendant's Position:**

The NGSP Administrative Committee contends that Plaintiffs' discovery plan is objectionable, including because it is not proportional to the needs of the case and given the two narrow issues that survived the Court's motion to dismiss ruling.  See Fed. R. Civ. P. 26(b)(1).

**L.     Expert Discovery Cut-off**

See trial schedule worksheet.

**M.     Settlement/Alternative Dispute Resolution (ADR)**

No settlement negotiations have occurred, but the parties have agreed to engage in them in the near future. The parties are agreeable to attending private

1760246948.2{005047 28.DOCX / 3}

10

mediation, if needed.

**N.    Trial Estimate**

Estimated length of Trial: Two (2) days.

Plaintiff estimates calling 5 witnesses.

**O.    Trial Counsel:**

Plaintiff's Trial Counsel:    Paul D. Woodard, Esq. (Lead)

Marc S. Schechter, Esq.

Defendants' Trial Counsel:  Douglas A. Smith, Esq. (Lead)

**P.    Independent Expert or Master**

Parties do not believe an independent expert or master is needed.

**Q.    Schedule Worksheet**

A completed Exhibit A to the April 6, 2026 Order [Dkt. No. 41] is attached hereto.

**R.    Other Issues**

Plaintiff and Defendant do not believe any such issues affecting the status or management of the case or severance or bifurcation exist.

Respectfully submitted,

DATED: May 28, 2026    SCHECHTER BENEFITS LAW GROUP LLP

By: /s/Paul D. Woodard
PAUL D. WOODARD
MARC S. SCHECHTER
Attorneys for Plaintiff
GARY AANERUD, an individual, and
co-trustee of the Aanerud Trust dated
March 15, 1994

DATED: May 28, 2026    MAYER BROWN LLP

By: /s/Douglas A. Smith *(with permission)*
DOUGLAS A. SMITH
Attorneys for Defendant
ADMINISTRATIVE COMMITTEE OF
THE NORTHROP GRUMMAN
SAVINGS PLAN

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 28, 2026          SCHECHTER BENEFITS LAW GROUP LLP

By: /s/Paul D. Woodard
    PAUL D. WOODARD
    MARC S. SCHECHTER
    Attorneys for Plaintiff
    GARY AANERUD, an individual, and
    co-trustee of the Aanerud Trust dated
    March 15, 1994

1760246948.2{005047
28.DOCX / 3}

12

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | Case Name: |
|---|---|

| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
|---|---|---|---|
| Check one:   Jury Trial    or    X Bench Trial<br>[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration:    5      Days | | 06/14/2027 | 06/14/2027 |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | 05/27/2027 | 05/27/2027 |

| **Event [1]**<br>Note: Hearings shall be on Thursdays at 10:00 a.m.[2]<br>Other dates can be any day of the week | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 12 weeks after scheduling conference | 09/03/2026 | 09/03/2026 |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 12/10/2026 | 12/10/2026 |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 12/17/2026 | 12/17/2026 |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 12/31/2026 | 12/31/2026 |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 01/14/2027 | 01/14/2027 |
| Last Date to Hear Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | 03/04/2027 | 03/04/2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>  Select one: ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | 10 weeks before FPTC | 03/18/2027 | 03/18/2027 |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 04/29/2027 | 04/29/2027 |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 05/13/2027 | 05/13/2027 |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**[PLAINTIFF],**

Plaintiff,

v.

**[DEFENDANT],**

Defendant.

Case No.:

**ERISA WORKSHEET**

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Trial and Final Pretrial Conference Dates | Court Order |
|---|---|
| Hearing on Rule 52 Cross Motions | June 14, 2027, at 8:30 a.m. ☐ Jury Trial  or  ☒ Bench Trial Est. 5 Days[1] |

| Event Note: Hearings shall be on Thursdays at 10:00 a.m.[2] | Court Order |
|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | September 3, 2026 |
| Fact Discovery Cut-Off[3] | December 10, 2026 |
| Last Date to Hear Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | March 4, 2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15][4] | ☐ 1. Magistrate Judge<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation<br>March 18, 2027 |
| Deadline to Lodge Administrative Record | February 26, 2027 |
| Deadline to File Joint Rule 52 Brief[5] | January 29, 2027 |

[1] This estimate represents the Court's assessment of the number of trial days needed for this case. Any requests for additional trial days must be made at the time of the deadline for Trial Filings (First Round). The Court will make a final determination on the days needed for trial at the FPTC.

[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.

[3] Any motions to compel must be filed and heard *before* the discovery cutoff.

[4] As stated in the Court's Order Setting Scheduling Conference, no case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

[5] The Court will require the parties to jointly prepare a Rule 52 brief. This is the Court's typical procedure as to motions for summary judgment, and the Court will apply that procedure here. The parties should review Section IX(D) of the Court's Standing Order, which is integrated by reference here—to summarize, the parties must work cooperatively to create a single, fully integrated joint brief covering all parties' arguments, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's response. Each party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities.

Plaintiff shall provide to Defendant (but need not immediately file) initial portions by no later than 21 days before the filing deadline, Defendants shall respond with their portions no later than 7 days before the filing deadline, and Plaintiff may add reply portions and file the document by the deadline above.

# PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 13025 Danielson Street, Suite 260, Poway, California 92064.

On **May 28, 2026**, I caused to be served the following documents:

**JOINT RULE 26(f) REPORT**

☐     **BY FIRST-CLASS MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(C).)

☐     **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile #) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒     **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(E), my electronic business address is pdw@sblgllp.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐     **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below at their designated business address.

     ☐     By personally delivering the copies;

     ☐     By leaving the copies at the attorney's office;

         ☐     With a receptionist, or with a person having charge thereof; or

         ☐     In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

     ☐     By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

1

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on May 28, 2026, at San Diego, California.

/s/Paul D. Woodard

1760246948.2{00
504728.DOCX /
3}

2

Proof of Service                                        Case No. 2:25-cv-01167-MEMF-PVCx

## SERVICE LIST

9461.01

*Gary Aanerud, et al. v. Northrop Gruman Corp., et al.*

Douglas A. Smith (SBN 290598)
MAYER BROWN LLP
dougsmith@mayerbrown.com
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendants Northrop Gruman Corporation, Northrop Gruman Savings Plan, and Administrative Committee of the Northrop Gruman Savings Plan*

1760246948.2{00 504728.DOCX / 3}

3

Proof of Service

Case No. 2:25-cv-01167-MEMF-PVCx